## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LESLIE EDWIN "Les" MILES | CIVIL ACTION NO. 3:24-cv-00493 |
| VERSUS | MAGISTRATE JUDGE: SCOTT D. JOHNSON |
| LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE a/k/a LOUISIANA STATE UNIVERSITY ET AL., | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes defendant, the National Football Foundation & College Hall of Fame Inc. (the "NFF"), and, in response to the Complaint of Plaintiff, Leslie Edwin "Les" Miles (the "Complaint"), respectfully represents as follows:

I.

The un-numbered Introductory paragraph of the Complaint includes general allegations and averments against all Defendants, specifically allegations that "… Defendants stripped Les Miles … of his established eligibility for the College Football Hall of Fame without an opportunity to be heard" and further, " … Defendants deprived him of his Hall of Fame eligibility without due process."  The NFF specifically denies any such allegations. Any and all other allegations or general averments set forth in the un-numbered Introductory paragraph are denied for lack of sufficient information upon which to base a belief.

II.

The allegation in Paragraph 1 of the Complaint is denied for lack of sufficient information upon which to base a belief.

III.

The allegations in Paragraphs 2, 3, 4, 5, and 6 of the Complaint do not pertain to the NFF and require no response. In an abundance of caution, however, and to the extent a response is required; the allegations are denied.

IV.

The allegations in Paragraph 7 of the Complaint are denied except to admit that NFF is a nonprofit organized and headquartered in Irving, Texas.

V.

The allegations in Paragraphs 8 and 11 of the Complaint are denied.

VI.

The allegations in Paragraph 9 of the Complaint are denied.

VII.

The allegations in Paragraph 10 of the Complaint are denied. Furthermore, the NFF specifically denies that it is subject to the personal jurisdiction of this Court.

VIII.

The allegations in Paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 of the Complaint are denied for lack of sufficient information upon which to base a belief.

IX.

The NFF does not have sufficient information to admit or deny the allegations set forth in Paragraph 31 of the Complaint. In an abundance of caution, however, the allegations are denied for lack of sufficient information upon which to base a belief.

X.

The allegations in Paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, and 50 of the Complaint do not pertain to the NFF and require no response. In an abundance of caution, and in the event a response is required, the allegations are denied for lack of sufficient information upon which to base a belief. Furthermore, the NFF had no knowledge of the "Public Infractions Decision" aside from news dissemination of the decision to the general public.

XI.

The allegations in Paragraph 51 of the Complaint are denied as stated. It is admitted that the College Football Hall of Fame was established by the NFF in 1951. Any other allegations or statements set forth in Paragraph 51 of the Complaint are denied.

XII.

The allegations in Paragraph 52 of the Complaint are denied as stated. The NFF denies it is the entity "responsible" for the College Football Hall of Fame. The NFF admits that it is responsible for establishing the eligibility criteria and the selection and induction process for the College Football Hall of Fame. The NFF specifically denies that it establishes criteria in conjunction with, and with the express or tacit approval of the NCAA, as set forth in the Complaint. Any other allegations or statements set forth in Paragraph 52 of the Complaint are denied.

XIII.

The allegations in Paragraph 53 of the Complaint are denied.

XIV.

The allegations in Paragraph 54 of the Complaint are denied as stated. It is admitted that

a coach becomes eligible for nomination to the College Football Hall of Fame three full seasons after retirement or immediately following retirement provided he is at least 70 years old. Active coaches become eligible at 75 years of age. The coach must have been a head football coach for a minimum of 10 years and coached at least 100 games with a .600 winning percentage. Furthermore, nominations may only be submitted by the current athletics director, head football coach or sports information director (SID) of a potential candidate's collegiate institution. Nominations may also be submitted by the President/Executive Director of a dues-paying chapter of the National Football Foundation. The NFF denies any and all other allegations set forth in Paragraph 54 of the Complaint.

XV.

The allegations in Paragraph 55 of the Complaint are denied as stated. It is admitted that a coach becomes eligible for nomination to the College Football Hall of Fame three full seasons after retirement or immediately following retirement provided he is at least 70 years old. Active coaches become eligible at 75 years of age. The coach must have been a head football coach for a minimum of 10 years and coached at least 100 games with a .600 winning percentage. The NFF denies any and all other allegations set forth in Paragraph 55 of the Complaint.

XVI.

The allegations in Paragraph 56 of the Complaint are a general re-averment of all prior allegations set forth in the Complaint and require no response. To the extent a response is required, the NFF refers to its prior answers and responses to the allegations as stated in the Complaint.

XVII.

The allegations in Paragraphs 57, 58, and 59 of the Complaint are denied for lack of sufficient information upon which to base a belief.

XVIII.

The allegations in Paragraph 60 of the Complaint are denied. The NFF specifically denies it 'acquiesced in and accepted that proposal' as stated in the Complaint.

XIX.

The allegations in Paragraph 61 of the Complaint are denied for lack of specific information upon which to base a belief. The NFF specifically denies that it "agreed retroactively to vacate all 37 wins achieved during the period" as it had no involvement with, or knowledge of the Public Infractions Decision as stated in the Complaint. The NFF admits that it utilizes the NCAA's official records for the wins and losses of a head coach in considering a coach's eligibility for nomination.

XX.

The allegations in Paragraph 62 of the Complaint are denied. The NFF specifically denies that it entered into any agreement with the LSU Defendants and/or the NCAA and/or had any involvement otherwise with the "Public Infractions Decision" as stated in the Complaint. The NFF is without sufficient information to admit or deny the statement that "Miles' career record now officially stands at 108-73, for a winning percentage of .597."

XXI.

The allegations in Paragraph 63 of the Complaint are denied. The NFF specifically denies that it entered into any agreement with the LSU Defendants and/or the NCAA and/or had any involvement otherwise with the "agreement to vacate 37 wins" as stated in the Complaint. The

5

NFF is without sufficient information to admit or deny the statement that "Miles now has a winning percentage that is 0.3% below the eligibility threshold for nomination to the College Football Hall of Fame" but in an abundance of caution, denies the statement for lack of sufficient information upon which to base a belief. Further stating, it is admitted that a coach becomes eligible for nomination to the College Football Hall of Fame three full seasons after retirement or immediately following retirement provided he is at least 70 years old. Active coaches become eligible at 75 years of age. The coach must have been a head football coach for a minimum of 10 years and coached at least 100 games with a .600 winning percentage.

XXII.

The allegations in Paragraph 64 of the Complaint are denied. The NFF admits that it utilizes the NCAA's official records for the wins and losses of a head coach in considering a coach's eligibility for nomination. The NFF specifically denies any involvement in "[T]he agreement among the Defendants retroactively to modify Miles's win-loss record, as embodied in the Public Infractions Decision." Further stating, a coach becomes eligible for nomination to the College Football Hall of Fame three full seasons after retirement or immediately following retirement provided he is at least 70 years old. Active coaches become eligible at 75 years of age. The coach must have been a head football coach for a minimum of 10 years and coached at least 100 games with a .600 winning percentage. Moreover, nominations may only be submitted by the current athletics director, head football coach or sports information director (SID) of a potential candidate's collegiate institution. Nominations may also be submitted by the President/Executive Director of a dues-paying chapter of the National Football Foundation.

XXIII.

The allegations in Paragraph 65 of the Complaint are denied.

XXIV.

The allegations set forth in Paragraph 66 of the Complaint are denied. The NFF specifically denies that it "took from Plaintiff his eligibility for nomination to the College Football Hall of Fame by vacating 37 wins earned during Plaintiff's career as Head Coach of the LSU Tigers football team."

XXV.

The allegations set forth in Paragraph 67 of the Complaint are denied for lack of sufficient information upon which to base a belief.

XXVI.

The allegations set forth in Paragraph 68 of the Complaint are denied.

XXVII.

The allegations set forth in Paragraph 69 of the Complaint are denied. The NFF specifically denies that it had any involvement with the Public Infraction Decision as referenced in the Complaint.

XXVIII.

The allegations set forth in Paragraph 70 of the Complaint are a general re-averment of all prior allegations set forth in the Complaint and require no response. To the extent a response is required, the NFF refers to its prior answers and responses to the allegations as stated in the Complaint.

XXIX.

The allegations set forth in Paragraph 71 of the Complaint are denied for lack of sufficient information upon which to base a belief. Further stating, the NFF admits it utilizes the NCAA's

official records for the wins and losses of a head coach in considering a coach's eligibility for nomination.

XXX.

The allegations set forth in Paragraph 72 of the Complaint are denied for lack of sufficient information upon which to base a belief.

XXXI.

The allegations set forth in Paragraph 73 of the Complaint, inclusive of all sub-parts (a) through (d), are denied. Furthermore, the NFF specifically denies the existence of an "agreement" between NFF and the LSU Defendants and/or the NCAA as referenced in paragraphs 73(c) and (d) of the Complaint.

XXXII.

The allegations set forth in the "REQUEST FOR RELIEF" and "WHEREFORE" paragraph of the Complaint are denied.

## **AFFIRMATIVE DEFENSES**

AND NOW, in further response to the allegations set forth in the Complaint, the NFF pleads the following affirmative defenses:

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff cannot demonstrate that the NFF is a state actor within the meaning of 42 U.S.C. §1983.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot establish that he has been deprived of a "property right" recognizable under 42 U.S.C. §1983.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing to assert such claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations and/or repose and/or the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Court lacks personal jurisdiction over NFF.

WHEREFORE, defendant, the National Football Foundation & College Hall of Fame Inc., prays that its answer to the Complaint be deemed good and sufficient, and that, after due proceedings are had, there be judgment in favor of the National Football Foundation & College Hall of Fame Inc., dismissing the Complaint of plaintiff, Leslie Edwin "Les" Miles, with full prejudice and at plaintiff's sole cost. Defendant requests an award of its costs and reasonable attorney fees on the basis that the Complaint against Defendant is frivolous, unreasonable or groundless. Defendant prays for all further general and equitable relief.

[SIGNATURE PAGE TO FOLLOW]

Respectfully Submitted:

**PLAUCHÉ MASELLI PARKERSON**

**By**: */s/ Meredith R. Durham*
JAMES K. ORDENEAUX (#28179)
MEREDITH R. DURHAM (#33112)
701 Poydras Street, Suite 3800
New Orleans, Louisiana 70139
Phone:504-582-1142; Fax: 504-582-1172
jordeneaux@pmpllp.com, mdurham@pmpllp.com,

*Counsel for the National Football Foundation & College Hall of Fame Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify on this 6th day of August, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, if they are subscribed, will send a notice of electronic filing to all counsel of record.

*/s/ Meredith R. Durham*

10